## THE STEPHEN BENNETT.

### THE ELIZABETH T. COTTINGHAM.

### SMITH et al. v. THE STEPHEN BENNETT.

### BUCH et al. v. THE ELIZABETH T. COTTINGHAM.

(Circuit Court of Appeals, Second Circuit. February 7, 1893.)

1. COLLISION—OVERTAKING VESSEL—MISSING STAYS.

Two schooners were beating up the coast, the B. following in close proximity to the C., and gaining slightly on her. The C. went about, and immediately afterwards the B. attempted to do the same, but misstayed, and, gathering sternway, got under the bow of the C., and was struck by her. The B. had misstayed once before that morning. *Held,* that the B., knowing her liability to misstay, was in fault in following the C. so closely as to render it necessary for her to tack when the C. did. 42 Fed. Rep. 336, affirmed.

2. SAME.

The C. was not at fault in dropping her peak after she discovered the danger, for the action, if improper, was in extremis.

Appeal from the District Court of the United States for the Eastern District of New York.

In Admiralty. Libel by John Smith and others against the schooner Stephen Bennett for collision. Joseph L. Buch and others filed a cross libel against the schooner Elizabeth T. Cottingham. The cross libel was dismissed, and decree was given for libelants. 42 Fed. Rep. 336. Respondents appeal. Affirmed.

W. W. Goodrich, for appellants.
Frank D. Sturges, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. About noon of December 6, 1888, the schooners Stephen Bennett and Elizabeth T. Cottingham were in collision off the Jersey coast. The weather was clear, with a strong breeze from N. N. W. Each schooner was heading about west by north, closehauled on the starboard tack, the Cottingham leading the Bennett. At a distance of from one to two miles from the beach, both

vessels tacked. The Bennett missed stays, and was drifting astern when the Cottingham, having dropped her peak, ran into the port side of the Bennett. Both vessels were seriously damaged. The district court held that the Bennett was the overtaking vessel, and that, having misstayed on a previous tack that morning, she knew that she was liable to misstay again, and that she had no right to tack so close to the Cottingham as to render collision inevitable in case she should misstay again; and that, the collision being in the open sea, although the Cottingham might have gone a little nearer to the beach than she did, it was no fault in her to tack when she did, and that it was the duty of the Bennett not to tack so close to her as she did.

The Bennett, being the overtaking vessel, must be held at fault for the collision, unless a preponderance of proof shows that she was free from fault. The most important question of fact in the case is, which of the two tacked first? The evidence on this point is conflicting, but in it we do not find sufficient to satisfy us that the district judge was in error in holding that the Bennett did not tack before the Cottingham, as the appellant insists she did. She was under no obligation to tack first, but it was her duty to tack immediately upon the Cottingham's doing so. This she tried to do, but failed because she misstayed, and the distance between the vessels was not sufficient to prevent collision under such circumstances. But for that distance the Bennett, as the overtaking vessel, was responsible. She chose her own distance and location relative to the other vessel, and was bound to so settle them that she could fulfill her obligation of tacking as soon as the leading vessel tacked, and avoiding her when so doing. There was no improper action on the part of the Cottingham tending to confuse, mislead, or embarrass the Bennett. The vessels were not in a narrow channel, but in the open sea, and there was no obligation on the part of the leading vessel to beat out her tack, provided she did not undertake to come about when so near the overtaking vessel as to involve risk of collision. But there was no such risk apparent. Whatever was the precise distance apart, there seems to be no question on the evidence but what it was sufficient to allow of the execution of the maneuver had not the Bennett misstayed. The master of the Cottingham, however, was not bound to anticipate such a contingency, though past experience that same day had warned the Bennett it was to be taken into account when she selected her distance and location from another vessel, which might be anticipated to tack at any time.

The maneuver of the Cottingham in dropping her peak when she perceived the situation of the Bennett, if improper navigation, was in extremis, and not a fault. Nor can we see that the absence of a lookout astern on the Cottingham contributed to the collision. If there, he could only have reported the situation as it was, which, as we have held supra, was such as to justify the Cottingham in tacking. The decree of the district court is affirmed, with costs.